Before the time starts, Cole, I wanted to ask about the motions to strike and the withdrawal of the motions to strike. Were those your pleadings or no? I don't believe so. Okay. I'm not. Okay. I'm not sure really what the outcome of those. I thought we had some pending motions that were. We've got a mountain of stuff, and it's hard to know what we have to decide. That's where we are on these motions. And who is they were filed by Leon Green? Yeah, that is my firm. I hadn't thought so. I believe that. They are your motions. Yeah, they are your motions. They are your motions. So what do we have to decide? Right. We're not talking right now. We're talking about some motions to strike improperly filed excerpts of record and then motion to withdraw. The second motion to strike improperly filed excerpts of record. And we're just procedurally, where are we with those motions? I'm not sure. I cannot answer the question. I don't know. So then we should just deny them. If you don't know anything about them, they obviously aren't important. I believe that if the Court feels that way. That answers it. Okay. Good morning, and may it please the Court. My name is Dana Snigocki, and I will be arguing this appeal on behalf of the appellant Joe Valdez. This case was brought as a Fair Labor Standards Act collective action and a Rule 23 class action case in which the appellant, Joe Valdez, asserted claims for unconstitutional services. Absolutely. Counsel, let me ask you a question that goes to what my concern is. It looks as though the law was, since 2009, you lose under Smith v. T-Mobile. And while there might have been an argument that we decided Smith v. T-Mobile incorrectly, so it should be challenged anyway, maybe go on bonk, no room for that anymore, because subsequent to the briefing, the Supreme Court came down with Genesis Healthcare v. Symptic. It looks like with those two cases and with Valdez having settled his personal claim, there's just nothing here. What am I missing? Well, I'll start with Smith, if that's okay. I mean, Smith was a case. I don't, you know, it's not our position that Smith was necessarily decided wrong, only that it differs from the case here today. In Smith, it's true. This Court did hold that an FLSA plaintiff who voluntarily settles his or her own claim and then attempts to appeal does not retain a personal stake and, therefore, there is no Article III standing here. What is important to note in Smith is that the plaintiff did move for conditional certification under the FLSA or Tier 1 certification. That motion was actually denied. And the district court denied that motion with, without prejudice, with an opportunity for the plaintiff to engage in discovery to presumably be able to move. So what? Well, in this case, the motion was granted outright. The district court did grant Valdez's motion. So, like I say, so what? I see the distinction. I don't understand why it makes a difference. Well, I think where it makes a difference is that this case was properly suited for conditional certification. A notice should have otherwise circulated. The only reason a notice did not circulate was based upon the fact that Valdez was deemed to be infertile. But if I understand it right, under Genesis, it wouldn't matter whether it was certified or not. Once Valdez settles, it's over. Yes, it is true that Genesis would make that holding. The difference in Genesis, however, was that there was no motion made. The plaintiff's individual claims were settled, and there was a final judgment prior to any motion for conditional certification. So we have these two sort of diverging principles here, in that the case with that there was a hilarious line, maybe it was in the brief, we acknowledge that Valdez lacks sufficient integrity to be a representative of the people that didn't get paid enough. Well, look, that was certainly the argument that was made by Quality, the appellee in this case, that Valdez is unfit, he has a criminal history, he should not be brought in. Oh, I know they'd make it, but I thought Valdez said, yes, that's right. Well, we are not challenging that. That was made upon no discovery. It was sort of something that was discovered at the plaintiff's deposition. And we believe he was claiming overtime, but it took him extra time because he had to go through people's trash cans, see if there were any credit cards there, and he faked his timesheets anyway. That was certainly a, you know, he was found to have been guilty. It takes longer to install a cable when you have to go through the trash to see if there's anything worth stealing. That's possible. That could have been something done, I suppose, off the clock or. So somehow he managed to get a settlement anyway. I guess if I'd been defendant, I'd want to keep him in the case as plaintiff. Yeah, that might have been. That's their choice. So how do you get to first base under Genesis? Well, I think there is a real fairness principle here, because it was Qualities doing, it was the appellees doing that disqualified him. What they do is they say this isn't like a class action, where it really doesn't matter if the defendant buys off the named class member or the two or three named class members. They say this is a collective action, and that's a different kind of bird. And with the collective action under the Fair Labor Standards Act, if they buy him off, it's over. The others can sue, not sue, whatever. But that action is over. Yeah. I agree with you. There is this Supreme Court holding that we have you know, this was obviously decided prior to us filing this appeal. I'm sorry, not prior, post filing the appeal, way after Valdez filed his initial complaint. So this is obviously a relatively new decision by the Supreme Court. And it is true. That is what it says. But one of the important things that Genesis. Why shouldn't there be attorney's fees awarded against your side of the case for persisting in the light of Smith v. T-Mobile and persisting further in the light of Genesis Healthcare? Like I explained in the beginning, I do believe that the facts do diverge when we talk about Smith. Because in Smith, there was an outright denial. Even the Court allowed the plaintiffs to engage in pretty wide class discovery. There was discovery from 30 opt-ins. They were able to depose, I believe, store managers. There was a lot of discovery. And when the plaintiffs renewed the motion, what the Court did was denying it on a second tier stage, final certification. There was an absolute denial of the motion on the merits. Here, Judge Prohen, in our case, twice ordered that a notice should circulate. Valdez had made the requisite showing. He showed that there was reason to believe that he was not paid proper overtime wages and that there were others that were similarly situated to him. The purpose of this conditional certification is really about protecting a class member's interests. Now that someone has raised an issue to the Court, we should let other people know. And the disqualification of Valdez also is made for the protection of the class members. The idea is that Valdez is a bad guy, okay? He's a bad guy. He shouldn't be trusted. He cannot – he's not fit to represent these other people, and we need to protect them. We need to disqualify him and get him out. But what about the fact that nobody ever joined? No class representative ever emerged. Well, I believe that that was a creation of the appellee here. There wasn't – there was two separate orders. I have a little timeline here. On April 12th, the appellee was ordered, turn over the names of – the names and addresses of persons who are putative class members to the plaintiff's lawyer so that the students could circulate. But weren't there also ads in newspapers or some efforts on the part of – There was some effort. They weren't very successful efforts. We did manage to, at some later, later point down the road, get Landers, who we'll sort of hear about, I guess, you know, within here or later on. Landers does emerge at some point, but it's well after the district court twice ordered this notice to circulate. It was the appellees. They – you know, the appellee here was blocking the district court's order not one time, but two times. So the fact that no one came forward is really the creation of quality here. It's not the creation of the district court, and it's not the creation of Valdez. Incidentally, there was so much stuff filed, I even got a little confused about whether we're handling an appeal from a final judgment, because it looked like there were some appeals filed from interlocutory orders. Do we have jurisdiction, or is this an – is this an appeal from a final judgment? Was there a 34B certification if it wasn't? Correct. Where we're at right now, the case filed – the appeal filed in 2011 is an appeal from a final judgment. The case against the appellee was severed from the other three defendants, so it became its own separate independent case. There was an offer of judgment. It was a full and complete satisfaction. When judges sever, they often have additional words after they say severed. They say, for purposes of this or for purposes of that, which means it's not a separate case. It means they're just handling one particular aspect of it separately. I don't believe – No? I do believe it was a full severance. I don't have – Is there a separate case number assigned to it? No, because at the same day that it was severed, there was also a decertification of the FLSA, and then thereafter, there was an offer of judgment made. So there was essentially no activity in the case. Has the judgment been entered? The judgment has been entered. There was a few amended judgment issues with the wording. But there was an actual amended judgment, third amended judgment, entered on October 14th. Does the judgment say in the case of Valdez v. Quality Communications, judgment is entered in favor of Quality Communications? Or does it say in the case of Valdez and Landers v. Quality Communications, judgment is entered in favor of Quality v. Valdez? No. It is only Valdez. That judgment pertains only to Valdez. I thought the intervention – what is the status of the intervention of Landers? Was that denied? In the district court, post-judgment – so, okay, let me sort of set up how this works here. There was this offer of judgment, which was accepted by Valdez on September 30th, 2011. That actual judgment was entered on October 14th. So the case against Quality essentially ceased on October 14th. There was, post that judgment, a submitted motion pertaining to attorneys' fees. So potentially, Valdez did still have this post-judgment motion pending. Prior to that October 14th judgment being entered, Valdez had moved to have a motion – I'm sorry, Valdez had moved to have a notice circulate to advise class members that they should be intervening. That motion, although filed prior to the judgment, was not decided until after the judgment. And that was decided on April 10th, 2010. Within 30 days of the entry of that order, both Valdez and Landers appealed. But was Landers ever a party? He was not ever a party. He is only a putative class member as to appellee Quality. Right. So the purpose of this appeal is to remedy Quality's evasion of any FLSA class liability as a result of the district court's determination at Quality's urging that Valdez lacked the sufficient character and integrity to represent the plaintiffs. Throughout the course of this appeal, Quality has never once explained how the personal integrity disqualification of Valdez can be allowed. I don't see where that matters. If he settled his case, it doesn't matter if he's a good guy or a bad guy. It doesn't matter if he's a total thief. If he settled his case, it's over under Genesis. Your Honor, I do agree with you that under Genesis, this would seem as though it is a dead end. The only issue we have with Genesis is that Genesis actually never recognized whether a representative plaintiff's potential interest in an enhancement payment could constitute a personal pecuniary stake for standing purposes. I don't understand what you mean. Well, as an FLSA representative plaintiff, there is this potential to receive what's called an enhancement payment or a bonus award. So potentially you could be sort of rewarded for serving as the class rep, similar in the enhancement payment. They didn't have to decide. They say when a plaintiff in a Fair Labor Standards Act case personally settles the case, it's over, and it doesn't matter that it is or could be a collective action. It doesn't matter that there are other class representatives or, I mean, other class members in the collective action. It's moot. And since they use the word moot, it means Federal court has no jurisdiction. That is true. And the only way that I can distinguish that is that in Genesis, I'm sorry, in Genesis, the Court never had an opportunity to decide whether to conditionally certify a case. The plaintiff's claim became fully satisfied prior to any motion to conditional certification. In our case, the district judge did have this opportunity. But it seems to me they did speak to that. And they kind of went out of their way to distinguish this type of collective action from an ordinary class action. Well, it's in their careful distinction of a collective action under FLSA from a class action means it doesn't matter. That's correct. But I think what the Court was referring to was the filing of the complaint. In a class action, the filing of the complaint starts the protection for the class. From Valdez's point of view, the filing of the motion for certification and maybe not even the filing of it, but certainly the decision, the first decision, the second decision by the district court, that this should be conditionally certified is enough to do. I'm not sure you're right about the class action, but I'm not sure it matters either. Perhaps. Certainly, that at least the district court's finding that conditionally that a conditional certification of this case was proper is enough to give protection to the class. And that somehow, someway, someone should be notified that, hey, Valdez has been disqualified, but you have the opportunity to proceed. I'm going to reserve the rest of my time. All right. Thank you, counsel. Thank you so much. Good morning. My name is Melani Kochka, and I'm from Lionel Sawyer & Collins located in Nevada. And I have my client, Brady Wells of Quality Communications here with me. He's the vice president. Your Honor, we believe that you were correct, Justice Kleinfeld, when you said why does it matter under Smith and Genesis Healthcare? That was our point. In Smith, the appellants had at least reserved the right to appeal in their settlement, in their stipulated settlement for the personal people. Here, there was no reservation of a right to appeal. And I think Smith is on all fours. The Ninth Circuit had already decided before he, before Mr. Valdez appealed this case that once the personal interest is gone, there is no interest remaining in representing a collected class, and therefore, it's moot. Counsel, let me ask you something about the attorney's fees. Yes. With Smith there, but Genesis not there yet, I could see where a good faith claim could be argued that Smith was bad law, and the subsequent case might go en banc and overturn it, or the Supreme Court might have gone the other way in Genesis, I suppose, and eliminated the basis for Smith. And because these collective action cases do have some resemblance to class actions, why shouldn't you not get discretionary attorney's fees because a good faith argument could be made? Well, Your Honor, I think it's because Smith, or because Mr. Valdez and his office had argued that Smith was bad law. And I think that the arguments to this Court did not argue that Smith was bad law. He argued that he had complied with Smith. And so he obviously, and he wasn't arguing that the Court should wait on Smith because of anything else going on. He just simply said he met the burden of Smith, and somehow there was this class   So, you know, if you're a good faith law firm, you have some good people floating around in the area, you have a lot of table installers who do piecework, and you have got a Federal rule that when people do piecework, they have to get paid overtime. Correct. And we submit that we complied with the regulation. And they submit you didn't. Right. That's what lawsuits are made of. Right. And prior to his settlement, Valdez could have maintained that, Your Honor. But he voluntarily settled this. He accepted the Rule 68 offer. We're not talking about a case where he didn't. He accepted the Rule 68 offer, and then he immediately, as soon as the judgment was entered in his favor, remember that an offer of judgment had operated in his favor.  It wasn't in Wally's favor. It's in his favor. You never could understand why you were settling with Valdez. I'd want him to be the lead plaintiff for all the cable installers. Well, Your Honor. If I were on the defense side. On the defense side, lawsuits cost a lot of money. And to proceed, we had been litigating with Valdez for over two years. We were headed to a trial on just his individual claim, and it just didn't make sense economically. And that's why defendants settle all the time, even if they don't believe that they should have to. Counsel, can I ask you, what's your response to opposing counsel's argument that the defendants thwarted all the efforts to get information regarding potential class members who could have continued the lawsuit even after the offer of judgment was settled? Well, the answer is, first of all, you don't have jurisdiction to reach the issue. But the second answer is, Your Honor, Mr. Valdez did not represent a class. He came in on his own. He wanted the conditional certification sent. Meanwhile, before it was time to comply with that order, we took his deposition. We uncovered all the examples of his ---- Well, the history court did at one point enter an order of notification, right? Yes. Okay. But that was never complied with. It was not complied with because we had taken the deposition, found out his dishonesty and lack of integrity, and we filed an emergency motion to disqualify him as a member of the class. What does that have to do with complying with the order to perhaps unearth additional class members? Well, we went back to the court and said, Your Honor, we think that your order is no longer correct as a matter of law because this man is so dishonest, he can't represent a class, and his lawyer cannot go out and tell everyone that they have to appoint him as their attorney so that he can proceed with this collective class when his client, his one and only client, no other client, is dishonest and lacks integrity. And the district court agreed with us and disqualified him. And even today, he came before you and he's arguing to you, I am not appealing my disqualification for dishonesty. Did the court give you relief? I mean, ordinarily, if the court orders you to do something, even if it's not well-founded order, you still have to do it. Yes, the court did give us relief. The court eventually overturned its own decision on the conditional certification. Complaint's position is that between the time the order was entered and the time it was overturned, you had an obligation to comply with the order and you didn't. How long a period of time are we talking? Okay. We're talking a matter of months. And what happened, Your Honor, was Judge Proh didn't just order us to do it. He said, the two of you get together, or all the parties in this case, there were really, there were four defendants. You get together with the plaintiff and you all work out the terms of the order. And so no, he, I thought he entered an order. Are you saying there was no order actually entered by the court requiring notification to potential class members? I am saying that his order left it up to the parties to agree on the form of notice. We kept going back to the court on that issue. And eventually, the district court held that because there were no opt-in members and the litigation had been going on for two years, there had been this massive advertising effort by the plaintiff, he said that because there's nobody else, if I were to go out and solicit clients, I would be violating the rule of professional responsibility and just be giving Mr. Greenberg the opportunity to go out and solicit clients. Well, in terms of your asking for attorney's fees, you're not arguing that at that point in time there was a lack of good faith on the part of the plaintiff? No. I'm arguing from the point when he appealed the judgment that was entered in his case. I'm arguing that under Smith, he opposed it and basically your commissioner sort of bounced it up to you and said the merits panel can consider the motion to dismiss. But of course you're seeking $80,000 for the appellate work in this case? Oh, I don't think we ever put a number on it, Your Honor. Oh, I see a lot of cases. Maybe I'm mixing it up.  No. We haven't put a number. We have just asked for the award of fees because under Smith, he really had no basis by opposing our motion to dismiss the appeal. He made us comply with the briefing schedule. He not only made us comply with the briefing schedule on his first appeal, but then he appealed to interlocutory orders, which we've also had to oppose. Doesn't Rule 38 require you to do that by separate motion? Yes, it does. But we've asked for it. There are authorities that this Court has issued saying, okay, we will grant this. Now go make your separate motion. In other words, it seems like we normally require a separate motion, not to ask for it in the brief. Doesn't Higgins v. Vortex Fishing, 9th Circuit 2004, require you to do it by separate motion? Yes, it does. But when I was reviewing the cases, I found cases that the 9th Circuit had said, we believe you're entitled to attorney's fees under this rule, but you have to do it by separate motion. And so then the opportunity arose to do it. It seems a waste, Your Honor, to start submitting affidavits of fees and that kind of thing if the panel's not even going to consider awarding fees. So you're wanting us to give an indication as to whether or not this case is one that would merit the award of attorney's fees. Yes. And then we will go ahead, of course, and file the motion. But that's my understanding of some of the cases I've read from the 9th Circuit where they do that. Well, it's hard for us to rule on the merits of it if it hadn't been properly presented to us. Right. Well, the basis for asking for it is simply that he proceeded with this, a judgment in his favor, in which he says, I don't even want to represent these people myself. I want to serve as a placeholder and ask you, the court, to order the district court to send out the notice and let somebody else pop up here and represent the class. I don't know that that was completely frivolous, because the district court had previously ordered a notice to be sent out, and it was circumvented, at least from the plaintiff's perspective, by not agreeing on the form of the order and then disqualifying the named plaintiff and, on that basis, asking the court to reconsider the order. So I'm not sure that's frivolous. Well, it may not have been frivolous down below, but once he accepted the judgment, the offer of judgment under Smith, it became frivolous, because Smith was decided in 2009, and Smith is quite unequivocal that you no longer have, if a plaintiff settles their personal claims, they no longer have the right to represent a class. There is no class. It's huge. He wasn't trying to represent the class. He was trying to get the defendant to do what the court had ordered, and that is get a replacement representative. That's his argument. I'm not saying that it's a good argument. It's a good argument or a bad argument, but I'm not sure that's a frivolous argument. Well, Your Honor, he appealed the judgment. Think of why we're here today. He appealed the judgment that he voluntarily accepted. He didn't retain the right to appeal it. The judgment just orders us to comply with the offer we made. I mean, I don't even know how he can, with a straight face, come up here and ask you on an appeal of that judgment, which we've already complied with, ask you to go back behind the judgment. The judgment incorporates all of the other orders that are part of it, and that's the difficulty we were having procedurally, is because we don't know exactly what is included within the judgment. But if a party appeals a judgment, all of the other judgments that were antecedent merge, and so it's not unheard of to appeal an antecedent judgment that doesn't necessarily, isn't necessarily encompassed in the final judgment. Okay. So that's what I'm saying. Is he barred from? Yes. Why? He's barred because there is no collective class. He's barred because the only person he represented was Valdez, and he settled for Valdez's personal interest. That's it. He doesn't represent anybody else. This is a lawyer without a client who has come before this court and asked you to let him stand in a place to hold it while we get ordered to go back and go through conditional certification, and then somebody else pops up out of the blue, you know. So that's who he's asking. That's who he's representing, allegedly. And it's not concrete. It's not a real client. It's just a concept or idea. The Simsic Court or Genesis Healthcare said, look, when it's over, it's over. When the plaintiff ---- It's also not a class action. It's not a class action. It's not a Rule 23. This is a collective class. It's real confusing to me about what I think is the judgment I'm supposed to be looking at, but I'm not sure. There's this paper. It excerpts 122. It says judgment in a civil case, and it says because of his notice of acceptance of an offer of judgment, Valdez ---- I'm sorry. In Fairbanks, we call the city Valdez, so I keep saying it wrong. Okay. Valdez shall recover from quality communications $5,000, inclusive of all costs and attorney's fees. The thing that's funny about it is where it has space on the form for plaintiff, nobody's named. Am I looking at the right thing? Well, there are three amended judgments. The last one is October 14th. Where is that in the record? The amended judgment. What is the final, final judgment? What judgment is at issue here today? October 14th, 2011. And it's just a form. And you may be looking at the first of the form. There's another one. If you happen to know where it is, I don't want you to spend a lot of time, but my guess is you've got your excerpts with the form. Yes, we have our excerpts of record and we have a citation to it in our brief. You don't happen to have it right there and you just look to it and tell me where to look, huh? I really like to see the thing that's under appeal. We've got the excerpts. Okay. I'm kind of curious. It's ER, it should be following ER-124. Do you have the excerpts there? I'm kind of curious to see if anybody else's name is in that plaintiff's box. Nope. The offer of judgment is 123 to 136. He accepted it on 123-24. It's a bunch of chatter. I have ER-139. It says third amended judgment. That's correct, Your Honor. That's it. October 14th, 2011 is Joseph Valdez is in there versus Cox Communications. Okay. So it is just Valdez. Yes. That's the offer. That's the only thing before you. There was later an April 10th order because he also moved to vacate the judgment right after he accepted it and he appealed it. And in that order, the judge enforced it. The judge denied his motion to vacate and the judge said as soon as you've paid this, the litigation between Quality and Valdez is terminated. And those are the words the judge used in his order. That order was never appealed to you. Where is that in the record? That is in the record at ER-141-43. That's just a lot of chatter. It would be nice if you had the excerpts there and could just give us where the thing is as opposed to the chatter about the thing. Okay. It's followed by all kinds of orders. Well. If this case is a procedural morass. It is, Your Honor. But it's our position that he should not have brought the appeal that Smith and Genesis are controlling and that Quality should be awarded its attorney's fees for the appeal because of the controlling case law. Thank you. All right. Thank you, Counsel. Rebuttal. Thank you. Briefly, briefly. I know I've excused myself. Counsel, before you start. Yes. What do you want from this appeal? What is it that you are seeking for your client? Well, it's really two things. It's either Valdez would retain standing to be able to appeal the district court's decision. He doesn't have standing under Smith. He does not have standing. So what else do you want? That Gregory Landers is a, I guess, possible replacement person for Valdez to be able to. How would we do that if Mr. Landers has his own case pending? Well, in the event, I think it would be more important for Mr. Landers to be able to appeal the district court's decision in this case. He would not be able to simultaneously have two cases. We understand that. I'm even more lost than I was a moment ago. After a great deal of effort, we finally found a judgment. And it says Valdez is entitled to collect $5,000 from Quality Communications. So it seems to me that all that can happen if you win is we vacate that judgment and Valdez is not entitled to collect $5,000 from Quality Communications. And I was kind of curious about the blank space where the plaintiff was. But apparently that was fixed in a later one. And it's only Valdez. It doesn't look like Landers is a party. No, Landers is not a party. Landers is not a party. And it's just Valdez's case. And Valdez has won it. He got a judgment for $5,000. I just don't understand what we would do if you were to win, what we would say or do. If we were to be successful here, we would ask that the district court's April – I'm sorry, June 20th. You're not in district court. What would we do? Either you could do one of two things. You could find that Valdez does have standing to appeal any of the prior orders in the case, or you can find that Valdez does not have standing, but that Landers – Usually we don't just make a legal decision in the air. We make a result and then we explain it. And the explanation has all that law in it. But I can't figure out what the result is except, nope, you don't get your $5,000. You know, the appeal here is not, as Your Honor had pointed out before, it really does pertain to a prior order, something that was antecedent to the actual judgment. The purpose – So does he want the $5,000 or not? I think he does want the $5,000. He did accept the offer. Well, if we vacate the judgment, he doesn't get the $5,000. It's true. But then he would be able to continue his individual claim, I suppose, against Quality himself, and there would be a representative appointing him. But he has no claim. It's moved. Well, if it was reversed, I suppose his claim would be reversed. So you're asking us to negate the offer of judgment and the acceptance of it? Only that Valdez has the standing. We're only asking that Valdez has standing to appeal this prior order of the judge, which denied the circulation of the notice. He can't have his cake and eat it, too, can he? No, he certainly cannot. And if the judgment was vacated, right, he would not be entitled to the money he was receiving. Does he know you're here arguing that? Valdez? Yes. I think he does. I mean, I think the better option here is to allow Gregory Landers to take the place of Valdez. Well, we've got Landers' case coming up next. We do. Landers gets started. In the event that Landers is found to have proper standing in this case, Landers' case itself, his separate case, would not – there would be no need for it, because he would be able to represent a larger group of persons in this case. Well, why couldn't he do that in his case? If they're situated similarly, then Landers could try to obtain class representative standing and accomplish the same thing. It's true. He did do that. The issue really comes down to the statute of limitations. Valdez filed this case in 2009. The notice should have circulated in 2010. Got it. Landers doesn't come along until way later. If I can, may I just address the issue concerning Smith and Genesis very quickly? Genesis – As far as I can tell, you don't like a lot of the intermediate decisions that the district court made, but as far as the judgment goes, you want to keep it. Well, it was a voluntary acceptance by Valdez. That is absolutely true. He wanted to keep it. It did not waive his right to appeal, so he had the option to appeal. There was no language in there that says Valdez should have – was barred from appealing any of the decisions. Well, you never have that language in the judgment about what's – Well, I'm sorry. In the offer of judgment. There was no condition that he waive his appeal rights. All right. Thank you, counsel. Thank you. Thank you to both counsels. The case just argued is submitted for decision by the court.
judges: Kleinfeld, Gilman, Rawlinson